United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 14-13690-elf
John W. Dunn                                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: admin              Page 1 of 2              Date Rcvd: Dec 06, 2019
                            Form ID: 3180W           Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 08, 2019.
```
db              +John W. Dunn,    1532 N. 11th Street,    Reading, PA 19604-1821
smg             +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,    Eighth and Washington Streets,    Reading, PA 19601
smg             +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13354724        +CERASTES, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                  SEATTLE, WA 98121-3132
13353392        +City of Reading,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                  Norristown, PA 19404-3020
13460103        +Lau & Associates, P.C.,    4228 St. Lawrence Avenue,    Reading, PA 19606-2894
14114948        +New Penn Financial, LLC,    Shellpoint Mortgage Servicing,    P.O. Box 10675,
                  Greenville, SC 29603-0675
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 07 2019 03:09:23
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA 17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 07 2019 03:09:58     U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13305910         EDI: AIS.COM Dec 07 2019 07:43:00      American InfoSource LP as agent for,
                  Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK 73126-8941
13307624         E-mail/PDF: resurgentbknotifications@resurgent.com Dec 07 2019 03:14:29      CACH, LLC,
                  P O Box 10587,    Greenville, SC 29603-0587
13322429        +E-mail/Text: bankruptcy@cavps.com Dec 07 2019 03:09:53      Cavalry SPV I, LLC,
                  500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
13302202         EDI: IRS.COM Dec 07 2019 07:43:00      Department of Treasury - IRS,    PO BOX 7346,
                  Philadelphia, PA 19101-7346
13609295         EDI: ECMC.COM Dec 07 2019 07:43:00      ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
13403214         EDI: PRA.COM Dec 07 2019 07:43:00      Portfolio Recovery Associates, LLC,    POB 41067,
                  Norfolk VA 23541
13302212         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 07 2019 03:09:23      Pa Department of Revenue,
                  Bankruptcy Division,    PO BOX 280946,    Harrisburg, PA 17128-0946
                                                                                              TOTAL: 9
```

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 08, 2019                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 5, 2019 at the address(es) listed below:
```
              BRIAN E. CAINE    on behalf of Creditor    NewRez LLC d/b/a Shellpoint Mortgage Servicing
               bcaine@parkermccay.com, BKcourtnotices@parkermccay.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    City of Reading jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, NA bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              NICHOLAS J. LAMBERTI    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
               RA-occbankruptcy6@state.pa.us
              SCOTT F. WATERMAN (Chapter 13)     ECFMail@ReadingCh13.com
```

```
District/off: 0313-4          User: admin              Page 2 of 2              Date Rcvd: Dec 06, 2019
                              Form ID: 3180W           Total Noticed: 19


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              SHAWN J. LAU    on behalf of Debtor John W. Dunn shawn_lau@msn.com, g61705@notify.cincompass.com
              THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, NA tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 9
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **John W. Dunn** | Social Security number or ITIN  xxx–xx–4513 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **14–13690–elf** | | |

# Order of Discharge                                                                                              12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    John W. Dunn
    dba Albright Inspection Service

12/5/19                                                                     **By the court:**   Eric L. Frank
                                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W    **Chapter 13 Discharge**    page 2